**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
United States of America, for the use and benefit of
M. Frank Higgins & Co., Inc., M. Frank Higgins &
Co., Inc.

                    Plaintiffs-Counter Defendants,

                -against-

Dobco Inc.,

                    Defendant-Third-Party Plaintiff-
                    Counter Claimant,

Liberty Mutual Insurance Company,

                    Defendant,

Merchants National Bonding, Inc.,

                    Third-Party Defendant.
------------------------------------------------------------------X

22-cv-9599 (CS) (VR)

**OPINION AND ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

## I.   INTRODUCTION & BACKGROUND

    Currently before the Court is Defendant-Third-Party Plaintiff-Counter Claimant Dobco Inc.'s and Defendant Liberty Mutual Insurance Co.'s motion to partially reconsider the Court's December 22, 2023, Opinion and Order, under Local Civil Rule 6.3.[1]  (ECF Nos. 72, 73).[2]  The Court assumes familiarity with the factual background of this case, the parties' prior discovery disputes, and the Court's December 22, 2023, Opinion and Order.  As relevant here, Dobco and Liberty seek reconsideration of the Court's rulings that: (1) documents and communications exchanged between Plaintiff-Counter Defendant M. Frank Higgins & Co. and non-party Partner

---

[1] Dobco and Liberty also ground their motion to reconsider in Rule 54(b) of the Federal Rules of Civil Procedure. (*See* ECF No. 72 at 5).  But Rule 54(b) has no application here.  The invoked dicta of Rule 54(b) "relates to revising a partial judgment, which is a 'decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties.'"  *Colvin v. Keen*, 900 F.3d 63, 74 (2d Cir. 2018) (quoting Fed. R. Civ. P. 54(b)).  The decision Dobco and Liberty seek to reconsider relates to a discovery dispute that "did not adjudicate any claim or any rights or liabilities of any parties." *Colvin*, 900 F.3d at 74.  Because Rule 54(b) "relate[s] to the question whether to reverse a previous *grant* of judgment," the rule has "no application here." *Id.*
[2] All page numbers to documents filed on ECF refer to ECF pagination.

1

Engineering and between Third-Party Defendant Merchants National Bonding, Inc. and non-party J.S. Held are protected under the consulting expert privilege; and (2) Dobco is not entitled to discover information from non-party International Masonry Institute (IMI) because IMI is a non-discoverable, informal consultant. *See United States ex rel. M. Frank Higgins & Co. v. Dobco, Inc.*, No. 22-cv-9599, 2023 WL 8868443, at *7–9 (S.D.N.Y. Dec. 22, 2023). For the reasons explained below, the Court agrees to reconsider its earlier opinion, but still **DENIES** the motion on the merits.

## II.  DISCUSSION

### A.  Standard of Review[3]

Under Local Civil Rule 6.3, a party moving for reconsideration of a court order must "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked."[4]  S.D.N.Y. Loc. Civ. R. 6.3.  The decision whether to grant or deny a

---

[3] The parties disagree over whether a magistrate judge is authorized to entertain a motion for reconsideration or whether the motion should be treated as an objection to a non-dispositive order of a magistrate judge under Rule 72(a) of the Federal Rules of Civil Procedure. (*See* ECF Nos. 75, 76). The Court recognizes that "[t]here is some disagreement over whether magistrate judges have the power to field motions for reconsideration at all, since Local Civil Rule 6.3 addresses motions for reconsideration but does not specify whether this mechanism applies only to district judges or also to magistrate judges." *Rouviere v. DePuy Orthopaedics, Inc.*, 560 F. Supp. 3d 774, 786 n.3 (S.D.N.Y. 2021); *compare Koehler v. Bank of Berm. Ltd.*, No. M18-302, 2003 WL 466206, at *1 (S.D.N.Y. Feb. 21, 2003) ("Unlike motions for reconsideration of district judges' orders, provided for by Local Civil Rule 6.3[], there is no provision in the governing statute or the rules of procedure for motions for reconsideration to be made to magistrate judges."), *with Joint Stock Co. "Channel One Russ. Worldwide" v. Infomir LLC*, No. 16-cv-1318, 2020 WL 1480465, at *2 n.1 (S.D.N.Y. Mar. 26, 2020) ("[N]othing in the text of Local Civil Rule 6.3 suggests that it is inapplicable to orders issued by magistrate judges."). While the Court's "Local Civil Rules are not entirely clear on this issue, the Court agrees with the many district and magistrate judges who have held that magistrate judges have the power to field motions for reconsideration of their prior rulings." *Rouviere*, 560 F. Supp. 3d at 786 n.3. "The Local Civil Rules, by their terms, 'apply in all civil actions and proceedings governed by the Federal Rules of Civil Procedure.'" *Id.* (quoting S.D.N.Y. Loc. Civ. R. 1.1). "They do not draw a distinction between those civil actions in which a district court judge is acting and those before a magistrate judge pursuant to authority delegated by the district court." *Id.* "Thus, it is procedurally proper under Local Civil Rule 6.3 to ask a magistrate judge to reconsider his or her prior ruling." *Id.* "[I]ndeed, magistrate judges in this district routinely entertain and decide motions for reconsideration under Local Civil Rule 6.3 . . . ." *Id.*; *see Joint Stock*, 2020 WL 1480465, at *2 n.1 (collecting cases); *see also* 12 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3069 (3d ed. 2023) ("[I]t is within the magistrate judge's discretion to reconsider his or her own rulings.").

[4] A reconsideration motion under Local Civil Rule 6.3 must be "served within fourteen (14) days after the entry of the Court's determination of the original motion." S.D.N.Y. Loc. Civ. R. 6.3. Dobco's and Liberty's reconsideration motion was timely filed. (*See* ECF Nos. 71 (12/22/2023 O&O), 72 (01/05/2024 Mot.)).

2

reconsideration motion is within the sound discretion of the Court. *Mazzei v. Money Store*, 62 F.4th 88, 92 (2d Cir. 2023) ("A denial of a motion for reconsideration is reviewed for abuse of discretion."); *Snellinger v. Fed. Nat'l Mortg. Ass'n*, No. 19-cv-6574, 2023 WL 4760583, at *1 (S.D.N.Y. July 26, 2023). "A motion for reconsideration is an extraordinary request that is granted only in rare circumstances." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019); *Lewis v. Westchester County*, No. 20-cv-9017, 2023 WL 5397291, at *3 (S.D.N.Y. Aug. 22, 2023) ("[R]econsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.") (internal quotation marks omitted). "A party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (alterations omitted); *Snellinger*, 2023 WL 4760583, at *1. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Van Buskirk*, 935 F.3d at 54; *Snellinger*, 2023 WL 4760583, at *1. Finally, "[t]he movant may not use the motion to start a new round of arguments, nor should the Court be expected to wade through lengthy papers that simply reiterate in slightly different form the arguments already made in the party's original papers." *Lewis*, 2023 WL 5397291, at *3 (internal quotation marks omitted).

B. **Although Dobco and Liberty Are Not Entitled to Reconsideration, the Court Agrees to Reconsider its Prior Decision in Light of Their Newly Produced Exhibits**

Dobco and Liberty are not entitled to reconsideration. They have not shown that the Court's prior decision was clearly erroneous. They have identified no law that the Court has overlooked, nor have they identified an intervening change of controlling law. And they have

3

not proffered new evidence that was previously unavailable to them, as all their exhibits appear to have been in their possession well-before the Court addressed the parties' discovery disputes. *See JLM Couture, Inc. v. Gutman*, No. 20-cv-10575, 2023 WL 3061924, at *2 (S.D.N.Y. Apr. 24, 2023) ("In the context of a motion for reconsideration, new evidence is evidence that existed at the time of the motion, but was unavailable to the movant when the Court made its previous ruling and could not have been found by due diligence.") (internal quotation marks omitted).

Although Dobco and Liberty argue that reconsideration is necessary to prevent a manifest injustice (ECF No. 72 at 5–6, 9–11), no manifest injustice has occurred here. Dobco and Liberty argue that the Court's decision resulted from "limited, informal submissions" that "constrained" Dobco and Liberty from presenting all their evidence and prevented the Court from considering the complete factual record. (*Id.* at 5–6, 10–11). But the Court finds that no manifest injustice has occurred here because the parties were not constrained from presenting all their evidence. When the parties first informed the Court of their discovery disputes, it was the parties who "propose[d] that they be permitted to file a joint letter, not to exceed six (6) pages, . . . setting forth their respective positions." (ECF No. 40 at 2).[5] Upon filing their joint submission, the parties requested an informal conference with the Court, and "if necessary," an opportunity to submit more formal briefing. (ECF No. 42 at 1). But the Court did not find formal briefing necessary. Rather, the Court needed clarity on certain issues and thus directed the parties to respond to a series of targeted questions. *See United States ex rel. M. Frank Higgins & Co. v. Dobco, Inc.*, No. 22-cv-9599, 2023 WL 5302371, at *2–4 (S.D.N.Y. Aug. 17, 2023). The parties were not constrained as to the length of their responses, as the Court waived its standard page

---

[5] The parties explained that the "purpose [of] filing a joint submission, as opposed to separate submissions," was "to avoid any request for leave to file reply papers" and "because sharing fully articulated positions in writing prior to filing may assist the parties in reaching resolution on certain issues without the need for Court intervention." (ECF No. 40 at 2).

4

limitations under its Individual Practices. *Id.* at *4.  Further, when the Court received the parties' submissions, the Court determined that it needed copies of certain documents and directed the parties to submit those to the Court.  (ECF No. 69).  At no point did Dobco or Liberty assert that the Court should consider documents other than those the parties presented to the Court, and they offer no good reason for not offering to provide these exhibits to the Court earlier.  For these reasons, the Court does not believe that the parties were under any limitations as to the evidence they could present to the Court.  And if there were any such limitations, they stemmed from the parties' proposed method of presenting their disputes to the Court, rather than any supposed limitation imposed by the Court.  Further, any argument that Dobco and Liberty were constrained in their ability to present evidence without the Court requesting it is disingenuous.  Dobco and Liberty provided the Court with a series of documents even before the Court explicitly requested any.  (*See* ECF No. 67 at 4–24).  Thus, the Court finds that no manifest injustice occurred because of the way the parties presented their discovery disputes.

That said, to avoid the possibility that the Court's earlier ruling was based on unfairly limiting the parties' evidence, the Court has agreed to reconsider its earlier decision in light of Dobco's and Liberty's newly proffered exhibits.  As detailed below, upon reconsideration, the Court adheres to its prior rulings that documents and communications exchanged between Higgins and Partner Engineering and between Merchants and J.S. Held are protected under the consulting expert privilege.  The Court also adheres to its original ruling that IMI was an informal consultant.

### C. The Court Adheres to its Original Holding as to J.S. Held

The newly proffered exhibits reinforce the Court's earlier holding that J.S. Held was retained in anticipation of litigation.  The exhibits confirm counsel's involvement as to J.S. Held.

For example, on February 9, 2022, Merchants emailed Dobco, explaining that their counsel had made clear to Dobco that "JS Held's role is NOT for the purpose of providing QA/QC [i.e., quality assurance/quality control] or otherwise providing 'oversite' of Higgins work." (ECF No. 72-8 at 1). Similarly, on March 22, 2022, J.S. Held sent Dobco an email to coordinate a site visit but explained that it was doing so "[p]ursuant to direction from counsel." (ECF No. 72-14 at 2). Further, J.S. Held's site visits were generally mediated through counsel. (*See* ECF Nos. 72-3 at 1; 72-4 at 1–2; 72-5 at 1–2; 72-8 at 1; 72-9 at 1; 72-11 at 1; 72-12 at 1; 72-14 at 2). Finally, when Dobco tried communicating directly with J.S. Held, J.S. Held responded "as a courtesy" and to remind Dobco to include "Higgins team on any future correspondence." (ECF No. 72-13 at 1). These exhibits confirm the Court's view that J.S. Held was retained as an expert in anticipation of litigation, rather than in the ordinary course of business. Further, even if J.S. Held served a dual role of assisting Merchants with its duty to investigate as well as consulting in anticipation of litigation (*see* ECF No. 86 at 11–13, 12 n.1), ample courts have held that "where an expert is employed for 'dual purposes,' both to prepare for litigation and for some non-litigation purpose, work product protection still applies." *Amtrust N. Am. Inc. v. Safebuilt Ins. Servs. Inc.*, No. 14-cv-9494, 2016 WL 3260370, at *4 (S.D.N.Y. June 10, 2016); *United States v. Adlman*, 134 F.3d 1194, 1195 (2d Cir. 1998) ("[A] document created because of anticipated litigation . . . does not lose work-product protection merely because it is intended to assist in the making of a business decision influenced by the likely outcome of the anticipated litigation."); *William A. Gross Constr. Assocs., Inc. v. Am. Mfrs. Mut. Ins. Co.*, 262 F.R.D. 354, 362 (S.D.N.Y. 2009).

Thus, the Court adheres to its original holding that documents and communications exchanged between Merchants and J.S. Held are protected under the consulting expert privilege. *See Dobco*, 2023 WL 8868443, at *8.

### D. The Court Adheres to its Original Holding as to Partner Engineering

Contrary to Dobco's and Liberty's position, the newly proffered exhibits do not demonstrate that Partner Engineering "played an active role in the remediation of the [alleged] defective work, and the resolution of issues that arose during the work on the [p]roject." (ECF No. 72 at 19). Rather, the exhibits merely show that Partner Engineering was carbon copied on a series of emails and letters. (*See* ECF Nos. 72-15 at 3; 72-16 at 1; 17-17 at 1; 72-19 at 3; 72-20 at 1–4; 72-21 at 5; 72-22 at 8). Dobco and Liberty do not explain how the mere carbon copying of an individual on an email or letter could translate to that individual playing "an active role." Rather, the newly proffered exhibits do not suggest that Partner Engineering did anything beyond consult with Higgins.

Thus, the Court adheres to its original holding that documents and communications exchanged between Higgins and Partner Engineering are protected under the consulting expert privilege. *See Dobco*, 2023 WL 8868443, at *8.

### E. The Court Adheres to its Original Holding that IMI was an Informal Consultant

Dobco and Liberty argue that "IMI's role was far more than an 'informal consultant.'" (ECF No. 72 at 21). According to Dobco, "IMI was on the [p]roject site on several occasions to inspect certain defective work and based on those inspections made recommendations to Higgins regarding further work to be performed." (*Id.*). They also state that "Higgins incorporated IMI's recommendations into at least one (1) written report regarding Higgins' installation of self-leveler and tiles." (*Id.* at 21–22). But the exhibits do not demonstrate that IMI was more than an

informal consultant. The Court's original holding credited Higgins' assertion that it never formally retained or hired IMI and did not compensate IMI for its work. (ECF No. 66 at 8). The newly proffered evidence does not challenge these assertions. (*See generally* ECF Nos. 73-1 to 73-3). Thus, the Court adheres to its original holding that IMI was an informal consultant.[6]

### F. **Higgins Did Not Waive Privilege Over J.S. Held, Partner Engineering, and IMI by Identifying them as Entities Likely to Have Discoverable Information in its Rule 26 Initial Disclosures**

Dobco and Liberty also argue that because Higgins disclosed J.S. Held, Partner Engineering, and IMI in their initial disclosures as "likely to have discoverable information," without noting that these entities were consulting experts, "Higgins and Merchants should have been precluded from attempting to shield these entities from discovery by suddenly characterizing each as [a] 'Consulting Expert.'" (ECF No. 72 at 23–26). Dobco previously raised this argument in the parties' initial joint memorandum. (*See* ECF No. 42 at 5–6). "Because a motion for reconsideration is not an opportunity to reiterate arguments that were previously considered and rejected, a motion for reconsideration on this ground is unwarranted." *Great Am. Ins. Co. v. Zelik*, 439 F. Supp. 3d 284, 288 (S.D.N.Y. 2020). In any event, as explained below, Dobco's and Liberty's argument is unavailing because Higgins' initial disclosures did not waive any privilege. And, in any event, Higgins timely corrected its initial disclosures by informing

---

[6] Dobco's newly proffered exhibits suggest that Higgins may have shared some of IMI's recommendations with Dobco. Those exhibits reveal that IMI had made certain recommendations, which Higgins was willing to "share with Dobco upon request" (ECF No. 73-1 at 7); that Dobco had asked Higgins to share those recommendations (ECF No. 73-2 at 2); and Higgins responded that IMI had received those recommendations "verbally" and was "preparing a document, which incorporates Mr. Feltoon's recommendations" (ECF No. 73-3 at 4). Also, Higgins now says it "received, limited verbal guidance from IMI on certain issues . . . , which was promptly conveyed to Dobco." (ECF No. 83 at 3). Similarly, at oral argument, Dobco asserted that Higgins had conveyed J.S. Held's and Partner Engineering's recommendations to Dobco. (ECF 02/29/2024 Minute Entry). But Dobco pointed to no evidence to support this assertion. If Higgins did share its consultants' communications with Dobco, then there may have been a waiver as to those communications in the same way that Higgins waived privilege for North S. Tarr and Niagara Research Associates. *Dobco*, 2023 WL 8868443, at *8–9. But on this record, the Court cannot make such a determination.

8

Dobco that the foregoing entities were consulting experts, rather than entities with discoverable information.

Rule 26(a)(1)(A)(i) broadly requires a party to disclose "the name . . . of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). "The purpose of Rule 26(a) disclosures is to 'accelerate the exchange of basic information' that is 'needed in most cases to prepare for trial or make an informed decision about settlement.'" *Cates v. Trs. of Columbia Univ.*, 330 F.R.D. 369, 373 (S.D.N.Y. 2019) (quoting Fed. R. Civ. P. 26(a), 1993 Advisory Committee Note). This rule aims to alert the opponent to the existence of a witness whose testimony may help the disclosing party. *Besiso v. Barnes*, No. 16-cv-9461, 2023 WL 8279674, at *1 (S.D.N.Y. Nov. 30, 2023) ("The purpose of this disclosure is to alert an opposing party of the need to take discovery of the named witness."). But "it is plainly not the purpose of Rule 26(a) disclosures to create a trap for the unwary" party. *Cates*, 330 F.R.D. at 373. This requirement is to "be applied with common sense . . . , keeping in mind the salutary purposes that the rule is intended to accomplish." Fed. R. Civ. P. 26, 1993 Advisory Committee Note. The rule does not require a comprehensive listing of all persons with any possible knowledge about the facts. *Chen-Oster v. Goldman, Sachs & Co.*, 114 F. Supp. 3d 110, 129 (S.D.N.Y. 2015). Nor does it require, in the first iteration, a list of all witnesses the party intends to call at trial. *See* Fed. R. Civ. P. 26, 2000 Advisory Committee Note ("As case preparation continues, a party must supplement its disclosures when it determines that it may use a witness or document that it did not previously intend to use."). Instead, the rule requires that the disclosing party identify those witnesses whom the party believes in good faith, at a very early stage of the litigation, it may use to support its claims or defenses. Fed. R. Civ. P. 26(a)(1)(A)(i). The initial list is intended to be a

9

preliminary identification, subject to supplementation or correction "in a timely manner" under Rule 26(e) as facts develop.  *See* Fed. R. Civ. P. 26(e) ("A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . .").

      Here, Higgins identified J.S. Held, Partner Engineering, and IMI as entities likely to have discoverable information.  (*See* ECF No. 73-4 at 8–10).  But Higgins' initial disclosure stated that its "identification of an individual [was] not an affirmative assertion by Higgins that the individual [did] have discoverable information." (*Id.* at 3).  Rather, "Higgins' disclosures represent[ed] a good faith effort," at a very early stage of the litigation, "to identify information it reasonably believe[d] may be used to support its claims and/or defenses." (*Id.* at 2).  Higgins' disclosure was subject to supplementation and correction under Rule 26(e).  Fed. R. Civ. P. 26(e).  As such, Higgins had a right to correct its initial disclosure "in a timely manner" by redesignating the foregoing entities as consulting experts, rather than entities likely to possess discoverable information.  *Id.*  It appears to the Court that Higgins timely did so.  Higgins' initial disclosures were dated March 24, 2023 (ECF No. 73-4 at 15), and by April 26, 2023, about one month later, Higgins had informed Dobco that the foregoing entities were consulting experts (*see* ECF Nos. 40 (requesting leave to raise certain discovery disputes); 42 (raising, among other things, the consulting expert discovery dispute)).  Thus, Higgins' initial disclosures did not waive any privilege, and, in any event, Higgins timely corrected its initial disclosures, under Rule 26(e), by informing Dobco that the foregoing entities were consulting experts, rather than entities with discoverable information.

The out-of-circuit cases cited by Dobco and Liberty in their Reply are unpersuasive and distinguishable. (ECF No. 86 at 10–11). For example, in *Mfg. Automation & Software Sys., Inc. v. Hughes*, No. 16-cv-8962, 2017 WL 11630961, at *7 (C.D. Cal. Dec. 1, 2017), there was "no indication" that the party had "withdrawn or amended" the designation of the individual in question as a percipient witness. But here, Higgins had informed Dobco that J.S. Held, Partner Engineering, and IMI were consulting experts about a month after issuing the initial disclosures.

Similarly, in *WIII Uptown, LLC v. B&P Rest. Grp., LLC*, No. 15-mc-51, 2016 WL 4620200, at *5–6 (M.D. La. Sept. 6, 2016), the court declined to find that an investigator was a consulting expert because the investigator had never been called an expert before the plaintiff sought to quash a subpoena seeking his testimony. The plaintiff also presented no evidence that the investigator had been retained as an expert. *Id.* But here, it does not appear that Higgins engaged in gamesmanship by telling Dobco that J.S. Held, Partner Engineering, and IMI were consulting experts about a month after issuing the initial disclosures. And for the reasons discussed above, and in the Court's earlier decision, there is adequate evidence to support the Court's holding that they were consulting experts.

Finally, *Zahid Hotel Grp. LLC v. AmGUARD Ins. Co.*, No. 22-cv-2792, 2023 WL 4353132, at *2–3 (E.D. La. July 5, 2023), is also distinguishable. In that case, the plaintiff proffered no argument or evidence to show that the individual in question was a consulting expert—an that assertion was "firmly belied by the record." *Id.* But that is not the case here for the reasons discussed above, and in the Court's earlier decision.

Thus, Dobco's and Liberty's argument that Higgins and Merchants should be precluded from characterizing J.S. Held, Partner Engineering, and IMI as consulting experts based on Higgins' Rule26(a) initial disclosure is meritless.

11

## G. <u>Moving Forward</u>

The Court recognizes that Dobco and Liberty may be frustrated with the Court's decision because they strongly believe that the consultants hired by Higgins and Merchants are percipient witnesses with key knowledge about Higgins' allegedly deficient work. But Higgins and Merchants only engaged J.S. Held, Partner Engineering, and IMI after the parties were already preparing for litigation. And Dobco had the same ability as Higgins and Merchants to retain its own experts to evaluate Higgins' work, determine the facts, and discover the reasons why Higgins' work was allegedly deficient. It also appears to the Court that Dobco had its own employees and agents present at the site, who would likely be able to testify about the relevant facts about Higgins' work. Thus, Dobco and Liberty will not be deprived of key facts about this case simply because they cannot discover the opinions of consulting experts hired by Higgins and Merchants.

Finally, if Dobco and Liberty sincerely believe they are being deprived of relevant evidence that cannot be obtained any other way, they are not entirely without recourse. Under Rule 26(b)(3)(A)(ii), a party can seek discovery of protected work product if it can demonstrate that "it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). Similarly, under Rule 26(b)(4)(D)(ii), a party can discover facts known or opinions held by a consulting expert by showing "exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." Fed. R. Civ. P. 26(b)(4)(D)(ii).

### III. CONCLUSION

For these reasons, Dobco's and Liberty's motion for reconsideration is **DENIED**. The Court adheres to its original holdings that documents and communications exchanged between Higgins and Partner Engineering and between Merchants and J.S. Held are protected under the consulting expert privilege. The Court also adheres to its original holding that IMI was a non-discoverable informal consultant.

Finally, the Clerk of Court is respectfully directed to terminate any pending motions at ECF Nos. 72, 73.

**SO ORDERED.**

DATED:   White Plains, New York
         April 16, 2024

_____
VICTORIA REZNIK
United States Magistrate Judge